**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**UNITED STATES OF AMERICA** :

**v.** : **No. 2:26-cr-296-JMY**

**EUGENE ALBERT HORSCH** :

**ORDER**

**AND NOW**, this day of , 2026, IT IS HEREBY **ORDERED** that the Motion for Return of Property is **GRANTED**.

BY THE COURT:

________________________________ J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | No. 2:26-cr-296-JMY |
| EUGENE ALBERT HORSCH | : | |

**MOTION FOR RETURN OF PROPERTY**

Eugene Horsch, the owner of a 2023 BMW 530XE hereby requests that the property be returned to him and, in support thereof, states the following:

1. On or about June 19, 2026, Petitioner's vehicle, a 2023 BMW 530 XE, Vin #WBA 33AG0P, was stopped by members of the United States National Park Service Police. Said stop began when the Petitioner's vehicle was parked in an Official Parking Zone on Sixth Street near Market Street in Philadelphia.
2. As events which are irrelevant to this Motion unfolded, a subsequent search revealed small amounts of heroin and cocaine which were for personal use as discovery received to date reflects no evidence that these controlled substances were for purposes of distribution. In fact, there is no indicia that either the quantity of the controlled substances or the nature of the packaging reflected that these were possessed for distribution. Nor was there evidence that there was paraphernalia or any evidence which would reflect that this vehicle was utilized for purposes of facilitating the sales of those controlled substances.

3. In fact, another individual who was in the car said that Mr. Horsch would "snort" the heroin and he had a crack pipe in his pocket which would reflect use and not distribution.

4. On July 22, 2026, a notice was sent by the U.S. Department of Justice that the Drug Enforcement Administration (DEA) was initiating a forfeiture pursuant to 21 U.S.C. §881 and also under 19 U.S.C. §§ 1602-1619, 18 U.S.C. §93 and 28 C.F.R. parts 8 and 9. However, the primary section is 21 U.S.C. §81. The forfeiture provisions of §881 "places upon the government the initial burden to show probable cause for forfeiture. Probable cause exists if facts show reasonable grounds to believe that the property is used to facilitate a drug transaction." **United States v. Parcel of Real Property, known as 6109 Grubb Road**, 886 F.2d 618, 621 (3rd Circuit 1989). Once the government shows probable cause of the burden shifts to the complainant to show that he or she has a defense through forfeiture.

5. At minimum, the government has failed to provide any proof that the property was used to facilitate a drug transaction, which is at the heart of this claim.

6. The proof will show that the amounts, at least from discovery received to date and photographs, do not match what the Government appears to suggest. Further, Petitioner was carrying these substances in a casual way that reflected that he was a user and there is no proof that these substances were for purposes of distribution.

7. Furthermore, while the vehicle, according to the Seizure Notice, which is attached hereto at Exhibit "A", was initiated under 21 U.S.C. Section 881, it has a value of approximately $30,000. A Google search shows that the value could be up to

approximately $39,000 and that is approximately the amount that petitioner paid for the vehicle.

8. By contrast, the cocaine cannot be included because there is no evidence that it was used for anything and the same goes for the heroin. The amounts that counsel has received in discovery, through photographs, are so small the seizure and forfeiture would be disproportionate to the crime charged for the following reasons.

9. Besides the lack of evidence of distribution, in **Austin v. the United States**, 509 U.S. 602 (1993), the Court held civil forfeitures under 28 U.S.C. §881 served in part as punishment and therefore subject to the Eighth Amendment's prohibition on excessive fines. The Court failed to enumerate factors to be considered, leaving the issue to be decided by the lower federal courts. After **Austin**, the Third Circuit in **United States v. Premises known as RR#1, 14 F.3d 864, 874-75 & N. 10** (3d Cir. 1994) noted that there should be applied a proportionality test to determine whether a forfeiture constitutes an excessive fine. After that case, the proportionality test compares the nature of the offense with the harshness, monetary or otherwise, of the forfeiture imposed. The Court concluded that the trier of fact will have to determine whether the defendant property was in fact utilized to facilitate a violation of the federal drug laws. If that nexus is established, it should then be determined whether under all the circumstances forfeiture of the defendant's property would affect an "excessive fine in violation of the Eight Amendment". Id. at 876.

10. It is asserted here that there is no evidence of drug distribution at all. There is no evidence the vehicle was utilized to facilitate a violation of federal drug laws,

specifically, drug distribution. Since there was only evidence of possession, albeit a violation of federal laws, simple possession would not justify the seizure of this vehicle under the Eighth Amendment. Thus, allowing forfeiture would constitute an excessive find under the Eighth Amendment.

11. Finally, given Petitioner Horsch's financial status, return of the property will permit him to pay his counsel of choice for his first representation, as is his right. *See*, **Wheat v. United States**, 486 U.S. 153, 159(1988).

**WHEREFORE,** it is respectfully submitted that the Court should return the property to Petitioner Horsch.

Respectfully Submitted,

***/s/ Jerome M. Brown***
Jerome M. Brown, Esquire
Attorney for Eugene Horsch

# EXHIBIT "A"

U.S. Department of Justice

Drug Enforcement Administration

Eugene Horsch
c/o Jerome M. Brown Esq.
Jerome M. Brown, Esquire
1628 JFK Boulevard
Suite 1000
Philadelphia, PA 19103

# NOTICE OF SEIZURE OF PROPERTY AND INITIATION OF ADMINISTRATIVE FORFEITURE PROCEEDINGS

## SEIZED PROPERTY IDENTIFYING INFORMATION

| | |
|---|---|
| **Notice Date:** July 22, 2026 | **Asset ID Number:** 26-DEA-002579 |
| **Notice Letter ID:** 751515 (use ID when searching for assets during online filing) | |
| **Description of Seized Property:** 2023 BMW 530xe, Valued at $29,700.00, VIN: WBA33AG0P | |
| **Seizure Date and Location:** The asset(s) referenced in this notice letter were seized on June 19, 2026 by the DEA at Philadelphia, Pennsylvania. | |
| **Forfeiture Authority:** The forfeiture of this property has been initiated pursuant to 21 U.S.C. 881 and the following additional federal laws: 19 U.S.C. §§ 1602-1619, 18 U.S.C. § 983 and 28 C.F.R. Parts 8 and 9. | |

I. **THE GOVERNMENT MAY CONSIDER GRANTING PETITIONS FOR REMISSION OR MITIGATION, WHICH PARDONS ALL OR PART OF THE PROPERTY FROM THE FORFEITURE.**

**TO REQUEST A PARDON OF THE PROPERTY YOU MUST FILE A PETITION FOR REMISSION OR MITIGATION**

A. **What to File**: You may file both a claim (see section II below) and a Petition for Remission or Mitigation (Petition). If you file only a petition and no one else files a claim, your petition will be decided by the seizing agency.
B. **To File a Petition:** A petition should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the Drug Enforcement Administration (DEA), Forfeiture Counsel, Asset Forfeiture Section 8701 Morrissette Drive, Springfield, VA 22152. It must be received no later than 11:59 PM EST thirty (30) days of your receipt of this Notice. *See* 28 C.F.R. Parts 8 and 9.
C. **Requirements for Petition:** The petition must include a description of your interest in the property supported by documentation and any facts you believe justify the return of the property and be **signed under oath**, subject to the penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *See* 28 U.S.C. § 1746.
D. **Petition Forms:** A petition need not be made in any particular form but a standard petition form and the link to file the petition online are available at https://www.forfeiture.gov/FilingPetition.htm. If you wish to file a petition online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.
E. **Supporting Evidence**: Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your petition.
F. **No Attorney Required:** You do not need an attorney to file a petition. You may, however, hire an attorney to represent you in filing a petition.
G. **Petition Granting Authority:** The ruling official in administrative forfeiture cases is the Forfeiture Counsel. The ruling official in judicial forfeiture cases is the Chief, Money Laundering and Asset Recovery Section, Criminal Division, Department of Justice. *See* 28 C.F.R. § 9.1.
H. **Regulations for Petition:** The Regulations governing the petition process are set forth in 28 C.F.R. Part 9, and are available at www.forfeiture.gov.
I. **Penalties for Filing False or Frivolous Petitions:** A petition containing false information may subject the petitioner to criminal prosecution under 18 U.S.C. § 1001 and 18 U.S.C. § 1621.

J. **Online Petition Exclusions:** If you cannot find the desired assets online, you must file your petition in writing at the address listed above. For more details regarding what assets can be petitioned online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingPetitionFAQs.htm.

## II. TO CONTEST THE FORFEITURE OF THIS PROPERTY IN UNITED STATES DISTRICT COURT YOU MUST FILE A CLAIM.

*If you do not file a claim, you will waive your right to contest the forfeiture of the asset. Additionally, if no other claims are filed, you may not be able to contest the forfeiture of this asset in any other proceeding, criminal or civil.*

A. **To File a Claim:** A claim must be filed to contest the forfeiture. A claim should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the DEA, Forfeiture Counsel, Asset Forfeiture Section 8701 Morrissette Drive, Springfield, VA 22152.

B. **Time Limits**: A claim must be filed within 35 days of the date of this letter; therefore, you must file your claim by **11:59 PM EST** on **August 26, 2026**. *See* 18 U.S.C. § 983(a)(2). A claim is deemed filed on the date received by the agency at the address listed above.

C. **Requirements for Claim**: A claim must be filed online or in writing, describe the seized property, state your ownership or other interest in the property and be **made under oath**, subject to penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. *See* 18 U.S.C. § 983(a)(2)(C) and 28 U.S.C. § 1746.

D. **Claim Forms**: A claim need not be made in any particular form, but a standard claim form and the link to file the claim online are available at https://www.forfeiture.gov/FilingClaim.htm. *See* 18 U.S.C. § 983(a)(2)(D). If you wish to file a claim online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.

E. **Supporting Evidence**: Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your claim.

F. **No Attorney Required**: You do not need an attorney to file a claim. You may, however, hire an attorney to represent you in filing a claim.

G. **When You File a Claim**: A timely claim stops the administrative forfeiture proceeding. The seizing agency forwards the timely claim to the U.S. Attorney's Office for further proceedings. You may also file a petition for remission or mitigation.

H. **Penalties for Filing False or Frivolous Claims:** If you intentionally file a frivolous claim you may be subject to a civil fine. *See* 18 U.S.C. § 983(h). If you intentionally file a claim containing false information, you may be subject to criminal prosecution. *See* 18 U.S.C. § 1001.

I. **If No Claim is Filed**: Failure to file a claim by **11:59 PM EST** on **August 26, 2026** may result in the property being forfeited to the United States.

J. **Online Claim Exclusions:** If you cannot find the desired assets online, you must file your claim in writing and send to the address listed above. For more details regarding what assets can be claimed online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingClaimFAQs.htm.

## III. TO REQUEST RELEASE OF PROPERTY BASED ON HARDSHIP

A. **Hardship Release**: Upon the filing of a proper claim, a claimant may request release of the seized property during the pendency of the forfeiture proceeding due to hardship if the claimant is able to meet specific conditions. *See* 18 U.S.C. § 983(f); 28 C.F.R. § 8.15.

B. **To File Hardship Release:** The hardship request cannot be filed online and must be in writing. The claimant must establish the following:

- Claimant has a possessory interest in the property;
- Claimant has sufficient ties to the community to assure that the property will be available at the time of trial; and
- Government's continued possession will cause a substantial hardship to the claimant.

C. **Regulations for Hardship:** A complete list of the hardship provisions can be reviewed at 18 U.S.C. § 983(f) and 28 C.F.R. § 8.15. Some assets are not eligible for release.