**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Criminal. No. 26-296** |
| **EUGENE ALBERT HORSCH** | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RETURN OF PROPERTY**

On or about June 19, 2026, Eugene Albert Horsch was stopped by Federal Park Rangers across from Independence National Historical Park in Philadelphia. Horsch was found in possession of two firearms which he was not lawfully permitted to possess because he has prior felony convictions. As a result of their encounter, and in coordination with the Drug Enforcement Administration (DEA), the vehicle being driven by Horsch was taken into custody by the DEA (the vehicle, a 2023 BMW 530XE with VIN WBA33AGOP, will be referred to as the "Subject Vehicle"). On July 22, 2026, the DEA sent Horsch and his counsel a notice of administrative forfeiture for the Subject Vehicle.

Horsch now moves for the return of his property, the Subject Vehicle. While Horsch's motion is not made pursuant to Fed. R. Crim. P. 41(g), the government is construing this as the basis for such a motion, as Fed. R. Crim. P. 41(g) is the remedy for a return of property. Nonetheless, Horsch's motion under Fed. R. Crim. P. 41(g) should be denied as the Subject Vehicle is presently the subject of administrative forfeiture proceedings, and the case law is clear that the Court lacks subject matter jurisdiction to decide a Fed. R. Crim. P. 41(g) motion with respect to such property.

For these reasons, the government respectfully requests that the Court deny Horsch's motion for return of property without a hearing.

## I. BACKGROUND

On June 19, 2026, Horsch was stopped by law enforcement when the Subject Vehicle was parked in an Official Parking Zone on 6th and Market Streets in Philadelphia. A search of the Subject Vehicle revealed the two illegal firearms, a false DEA credential, as well as heroin and cocaine. At the time, the vehicle was seized and taken into custody by the DEA. DEA Office of Legal Counsel reviewed a forfeiture report submitted to their office and determined that there was sufficient evidence for the DEA to commence administrative forfeiture. This is set forth in the attached declaration of DEA Forfeiture Counsel Vicki Rashid. See Exhibit 1.

By letter, dated July 22, 2026, the DEA issued notice of seizure of property and initiation of administrative forfeiture proceedings for the Subject Vehicle. See Exhibit 1. Notice letters were sent to Horsch, by and through counsel, as well as to his residential address, and an additional third party. The notice explained the process by which Horsch would be entitled to contest administrative forfeiture. The undersigned conferred with Horsch's counsel and advised that counsel should follow the instructions on the notice he received. Nevertheless, Counsel filed the instant motion with the District Court on August 21, 2026, and did not respond to the DEA in a timely manner. A subsequent conversation with counsel revealed a recognition that counsel did not follow the proper procedure in filing an appropriate claim.

## II. ARGUMENT

As set forth below, Horsch's motion for return of property should be denied.

### The Subject Vehicle is Subject To Administrative Forfeiture

By letter to counsel for Horsch, dated July 22, 2026, the DEA notified Horsch that it had initiated administrative forfeiture proceedings as to the Seized Vehicle. See Exhibit 1. As described below, the initiation of the administrative forfeiture proceedings divests the Court of

authority to decide Horsch's Fed. R. Crim. P. 41(g) motion with respect to the property at issue in the administrative forfeiture proceedings.

The provisions of the Civil Asset Reform Act, 18 U.S.C. Section 981, et seq. ("CAFRA"), apply to this case. CAFRA, among other things, established various procedures by which a party can challenge non-judicial, that is, administrative forfeiture of property by an agency of the United States.[1] Once an agency seizes property, CAFRA requires the agency to commence an administrative forfeiture proceeding within 60 days of seizure by providing written notice to interested parties of its intent to forfeit the property. 18 U.S.C. § 983(a)(1)(A)(i). In this case, the FBI has complied with that requirement.

Within the deadline set forth in the notice letter and not later than 35 days from the date that the notice was sent, the party can contest the forfeiture by filing a written claim with the agency. 18 U.S.C. § 983(a)(2). The claim must comport with the requirements of Section 983. *See* 18 U.S.C. § 983(a)(2)(C). Only if a valid claim is made is the property subject to judicial review. In this case, Horsch has not made any claims in the administrative forfeiture proceedings.

Upon receipt of any future claim, however, the DEA will refer procedurally valid claims to the United States Attorney for consideration for possible judicial forfeiture action. The government then must within 90 days from receipt of the claim: (1) file a civil complaint for forfeiture of the property; (2) include the property as subject to forfeiture in a criminal indictment; or (3) return the property to the claimant. 18 U.S.C. § 983(a)(3). The government, if

[1] If the forfeiture of property is handled exclusively by an agency, it is referred to as "administrative forfeiture." These types of forfeitures do not involve any type of judicial involvement, and, by statute, the seizing agency is authorized to issue a declaration of forfeiture for the property. Administrative forfeiture of property is distinguished from judicial forfeiture that requires judicial action to forfeit the property. A judicial forfeiture occurs when the government initiates a civil action or includes property in a criminal indictment to forfeit the property.

necessary, also may seek an extension of time to file a civil complaint to forfeit the seized property. 18 U.S.C. § 983(a)(3)(A).

Courts have held that "[t]he overwhelming weight of authority supports the position that a federal court lacks subject matter jurisdiction to review the merits of administrative forfeiture once the administrative process has begun." In re One 2010 Toyota Tacoma Title No. 68106243901SY VIN No. 5TEUU4ENXAZ719355, No. 1:11-MC-238, 2011 WL 5238239, at *3 (M.D. Pa. Nov. 1, 2011); see also In re $27,700.25 U.S. Currency and Coin, 2014 WL 37749 (S.D. Miss. 2014) (if claimant ignores the notice letter and files a motion for the return of his property in the district court instead of a § 983(a)(2) claim with the seizing agency, the motion will be denied for lack of jurisdiction, and subsequent attempt to make a claim with the agency will be untimely); Contreras v. United States, 2012 WL 5835682, *2 (W.D. Mo. 2012) (court lacks jurisdiction over claimant's Rule 41(g) motion once DEA commences administrative forfeiture proceedings; claimant's only pretrial remedy is under § 983(f)); United States v. Naovalath, 2008 WL 2885965 (D. Minn. 2008) (Rule 41(g) is not a proper vehicle for contesting the seizure of property for forfeiture because § 983(a)(2) provides an adequate remedy at law); $8,050.00 in U.S. Currency v. United States, 307 F. Supp. 2d 922, 926-27 (N.D. Ohio 2004) (comprehensive provisions enacted by CAFRA in § 983(a) give claimant an adequate remedy at law for contesting a civil forfeiture; thus, once the government commences administrative forfeiture, Rule 41(g) motion must be dismissed; claimant's argument that he filed his motion first is without merit); Baranski v. Fifteen Unknown Agents of ATF, 195 F. Supp. 2d 862, 868 (W.D. Ky. 2002) (court has no jurisdiction to consider Rule 41(e) motion raising Fourth Amendment issues where pending civil forfeiture action gives claimants adequate remedy at law); United States v. Palmer, 2016 WL 1364437, at *1 (W.D.N.Y. 2016) ("a Rule 41(g) motion

cannot be used to collaterally attack an administrative forfeiture proceeding in which the aggrieved party has been given notice and the opportunity to assert a claim."). Because the DEA has properly initiated the administrative forfeiture proceedings with respect to the Subject Vehicle, the Court lacks subject matter jurisdiction over Horsch's Fed. R. Crim. P. 41(g) motion with respect to that item.

## III. CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court deny Horsch's Fed. R. Crim. P. 41(g) motion.

Respectfully submitted,

DAVID METCALF
United States Attorney

*<u>/s/ Justin T. Ashenfelter</u>*
JUSTIN T. ASHENFELTER
Assistant United States Attorney

Dated: September 9, 2026

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that a true and correct copy of the Government's Response in Opposition to the Defendant's Motion for Return of Property was served on the following via ECF, as follows:

**JEROME M. BROWN, ESQ.**
Counsel for Eugene Horsch

*/s/ Justin T. Ashenfelter*
JUSTIN T. ASHENFELTER
Assistant United States Attorney

Date: September 9, 2026